**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARIANNA AFANADOR<br>6106 Spruce Street<br>26 N. Ladow, Apt 19F<br>Millville NJ 08332 | CIVIL ACTION NO: |
| Plaintiff, | COMPLAINT WITH JURY DEMAND |
| v. | |
| KSW MARKETING GROUP, INC d/b/a<br>SIGNATURE, INC.<br>312 Route 38, Suite 120<br>Moorestown NJ 08057 | |
| and | |
| LEGENDARY MARKETING, INC. d/b/a<br>SYNERGY MANHATTAN<br>62 William Street, 4th Floor<br>New York NY 10009 | |
| and | |
| ASCENSION MANAGEMENT, INC.<br>525 Washington Blvd, Suite 2407<br>Jersey City, NJ 07310 | |
| and | |
| JAMES ANDORFUL<br>c/o ASCENSION MANAGEMENT, INC.<br>525 Washington Blvd, Suite 2407<br>Jersey City, NJ 07310 | |
| Defendants. | |

1

## CIVIL ACTION COMPLAINT

Plaintiff Arianna Afanador (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant KSW Marketing Group, Inc. d/b/a Signature Inc, Defendant Legendary Marketing Inc. d/b/a Synergy Manhattan, Defendant Ascension Management, Inc. and Defendant James Andorful (hereinafter collectively "Defendants").

## INTRODUCTION

1. Plaintiff has initiated this action to redress Defendant's violations the Civil Rights Act of 1964, as Amended by the Pregnancy Discrimination Act ("Title VII"), and the New Jersey Law Against Discrimination ("NJLAD"). Defendants discriminated against Plaintiff by firing her for taking a maternity leave of absence. As a result of Defendants' unlawful actions as described herein, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, Title VII.

3. This Court has jurisdiction over Plaintiff's state law claim because, pursuant to 28 U.S.C. § 1367(a), they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

2

6.    Plaintiff has requested a Right to Sue from the EEOC relating to her Title VII claims.

## **PARTIES**

7.    The foregoing paragraphs are incorporated herein as if set forth in full.

8.    Plaintiff is an adult individual, with an address as set forth in the caption.

9.    Defendant KSW Marketing Group, Inc. d/b/a Signature, inc. (hereinafter "Defendant Signature") is a corporation that operates a place of business at the address set forth above.

10.    Defendant Legendary Marketing Inc., d/b/a/ Synergy Manhattan (hereinafter "Defendant Synergy") is a corporation that operates a place of business at the address set forth above.

11.    Defendant Ascension Management, inc. (hereinafter "Defendant Ascension") is a corporation that operates a place of business at the address set forth above.

12.    Defendant James Andorful (hereinafter "Defendant Andorful") at all times was the President of Defendant Ascension.

13.    At all times relevant hereto, Defendant Signature, Defendant Ascension and Defendant Synergy, were sufficiently interrelated and integrated in their activities so as to be considered Plaintiff's joint employers.

14.    At all times relevant herein, Defendants acted through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendants.

## **FACTUAL BACKGROUND**

15.    The foregoing paragraphs are incorporated herein as if set forth in full.

16. In or around February 2022, Defendants hired Plaintiff as a recruiter, and placed Plaintiff to work in the office of Defendant Signature.

17. In or around September 2022, Defendants reassigned Plaintiff to work at the office of Defendant Synergy.

18. Plaintiff was not required to reapply for and/or interview for the position at Defendant Synergy to which she was transferred.

19. The server system which Plaintiff accessed to receive work assignments remained unchanged following her reassignment from Defendant Signature to Defendant Synergy.

20. Plaintiff was not required to complete tax and/or employment based paperwork following her reassignment from Defendant Signature to Defendant Synergy.

21. Plaintiff's job duties remained unchanged following her reassignment from Defendant Signature and Defendant Synergy.

22. Following her reassignment, in or around September 2022, Plaintiff advised Defendant Synergy's President Anthony Puglia that she was pregnant and anticipated needing a maternity leave of absence in March 2023.

23. In or around December 2022, Defendants reassigned Plaintiff to work at the office of Defendant Ascension.

24. Plaintiff was not required to reapply for and/or interview for the position at Defendant Ascension to which she was transferred.

25. The server system which Plaintiff accessed to receive work assignments remained unchanged following her reassignment from Defendant Synergy to Defendant Ascension.

26. Plaintiff was not required to complete tax and/or employment based paperwork following her reassignment from Defendant Synergy to Defendant Ascension.

27. In or around January 2023, following her transfer, Plaintiff advised Defendant Ascension President Defendant Andorful, that she was pregnant and would require a maternity leave of absence in March 2023.

28. On or about March 13, 2023, Plaintiff began her maternity leave of absence.

29. During the course of her maternity leave, Plaintiff remained in communication with Defendants, via text messages with Defendant Andorful regarding her ability to return to work.

30. On or about June 15, 2023, Plaintiff advised Defendants that she was available to return to work.

31. Defendant Andorful advised that Defendants did not have an open position for Plaintiff to return to within Defendant Ascension's office, but that an individual in Defendants' "Delaware manager" would reach out to Plaintiff.

32. Thereafter, on or about June 21, Defendants terminated Plaintiff.

33. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

**COUNT I**
**Violations of Title VII**
**(Pregnancy Discrimination v. Defendant Synergy, Defendant Ascension and Defendant Signature)**

34. The foregoing paragraphs are incorporated herein as if set forth in full.

35. At all tines relevant herein, Defendant Synergy, Defendant Ascension and Defendant Signature were and continue to be an employer within the meaning of Title VII.

36. At all times relevant herein, Plaintiff was an employee within the meaning of Title VII.

37. Title VII prohibits employers, such as Defendant Synergy, Defendant Ascension and Defendant Signature, from discriminating against employees on the basis of pregnancy.

38.     Defendant Synergy, Defendant Ascension and Defendant Signature violated Plaintiff's rights under Title VII by firing her because she required a maternity leave of absence as a result of her pregnancy.

39.     As a result of Defendant Synergy, Defendant Ascension and Defendant Signature's unlawful actions, Plaintiff has suffered damages.

**COUNT II**
**Violations of NJLAD**
**(Pregnancy Discrimination v. all Defendants)**

40.     The foregoing paragraphs are incorporated herein as if set forth in full.

41.     At all times relevant hereto, Defendants were and continue to be an employer within the meaning of the NJLAD.

42.     At all times relevant hereto, Plaintiff was an employee within the meaning of the NJLAD.

43.     Defendants violated Plaintiff's rights under the NJLAD by firing her because she required a maternity leave of absence.

44.     As a result of Defendants unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their requests for medical leave, their disabilities, record of disabilities, perceived disabilities and/or record of perceived disabilities;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost and future lost earnings;

6

C.      Plaintiff is to be awarded punitive damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
9 Tanner Street, Suite 101
Haddonfield, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
Attorney for Plaintiff

Dated: October 9, 2024

7

**DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.